```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


JENNIFER ODOM,                     :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :     CIVIL ACTION 07-0019-M
                                   :
MICHAEL J. ASTRUE,¹                :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument was waived in this action (Doc. 17).  Upon consideration of the administrative record and the memoranda of the parties, it is

---

¹Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**ORDERED** that the Secretary's decision be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born October 17, 1973.  At the time of the most recent administrative hearing, Odom was thirty years old, had completed a high school education (Tr. 305), and had previous work experience as a poultry worker and a cashier (Tr. 305).  In claiming benefits, Plaintiff alleges disability due to a complex seizure disorder (Doc. 12 Fact Sheet).

The Plaintiff protectively filed an application for SSI on December 30, 2002 (Tr. 3, 258-59) and a disability insurance application on March 11, 2003 (Tr. 2, 65-67).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that she was capable of performing her past relevant work  (Tr. 16-27).  Plaintiff requested review of the

hearing decision (Tr. 14-15) by the Appeals Council, but it was denied (Tr. 8-10).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Odom alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of her treating physicians; (2) the ALJ relied on the opinion of a non-examining physician in reaching his decision regarding her residual functional capacity; and (3) the ALJ did not properly consider the side-effects of her medications (Doc. 12).  Defendant has responded to—and denies—these claims (Doc. 13).  The Court will first summarize the relevant medical evidence.

Plaintiff was examined by Dr. David R. Longmire on October 25, 2002 at which time he had an EEG performed; the doctor noted abnormalities "consistent with primary generalized epileptiform disorder" (Tr. 192; *see generally* Tr. 175-98).  In the medical history which he took from Odom, Longmire noted that she had had seizures since she was nine years old and experienced two-to-three daily; she had had three grand mal seizures, the last of which had occurred a year earlier (Tr. 188).  The doctor's diagnosis was that she suffered from complex partial seizures, secondarily generalized seizures, and common migraine headaches

for which he increased the amount of Depakote[2] that she had already been prescribed (Tr. 182, 186).  Plaintiff failed to make her December 19 appointment (Tr. 181-82).  On January 15, 2003, Longmire noted that Odom had been out of her medications for a month as she had been laid off from her job and could not afford them (Tr. 177-80).  Plaintiff missed her February 6 appointment (Tr. 175-76).

   A consultative examination was performed by Dr. Boyde J. Harrison on April 17, 2003 during which he noted that she walked without difficulty; her chest and cardiovascular exams were normal (Tr. 233-35).  The doctor noted normal range of motion in her shoulders, elbows, wrists, hips, knees, and ankles; grip strength was 5/5.  Odom had normal fine and gross manipulation.  Harrison noted a conversation with Plaintiff in which she indicated that she smokes a pack of cigarettes per day and that she was unwilling to give up her smoking to purchase her seizure medication.  After reviewing her medical records and performing his examination, the doctor's impression was that she had a history of seizure disorder with no recent seizures, non-compliance with her medication, and tobacco abuse.  Dr. Harrison stated that Odom could "perform work relative activities such as sitting, standing, walking, hearing, listening and handling

---

   [2]*Depakote* is used for the treatment of seizures.  *Physician's Desk Reference* 428-34 (52nd ed. 1998).

objects" (Tr. 235).

On April 30, 2003, a non-examining State Disability Specialist indicated that Plaintiff, based on the medical evidence of record to that point, had no exertional, postural, manipulative, visual, or communicative limitations (Tr. 236-43). It was indicated, however, that Odom should avoid unprotected heights, hazardous machinery, and operating a motor vehicle (Tr. 240).

On August 6, 2004, Dr. Hisham Hakim, a board-certified Neurologist, examined Plaintiff who was alert and oriented; the doctor noted that her higher cognitive functions were unremarkable (Tr. 250-52). Hakim noted normal muscle tone and that her strength was adequate in both her upper and lower extremities. Plaintiff had a normal gait and had some difficulty with squatting because of knee pain and tenderness. The doctor's conclusion was that she was "disabled based on her frequency of her seizures, which makes her really nonfunctional in the real working world" (Tr. 252). The doctor completed a physical capacities evaluation in which he indicated that she could lift and carry up to twenty pounds occasionally and ten pounds frequently; during an eight-hour day, Odom could sit for three-to-four hours and could stand and walk for two-to-three hours (Tr. 253). Dr. Hakim indicated that Plaintiff could only occasionally use arm and/or leg controls, climb stairs, and bend.

The Neurologist also completed a pain assessment in which he indicated that Odom's pain did not prevent her from functioning in everyday activities or work and that although physical activity would increase her pain, it would not prevent adequate functioning; he further indicated that her medication could cause side effects that may limit her "effectiveness due to distraction, inattention, [and] drowsiness" (Tr. 254-55).

    The ALJ summarized this evidence and gave substantial weight to Dr. Harrison's opinion; he further stated that Plaintiff had the "residual functional capacity to perform work based on the opinion of Dr. Harrison and within the limitations as set forth" by the State Disability Specialist (Tr. 25).  The ALJ also gave little weight to Dr. Hakim's opinion as he was "not a treating physician and saw the claimant on only one occasion;" the ALJ further noted that his "opinion appears to rely in part on subjective complaints from the claimant.  Dr. Hakim's opinion contrasts sharply with the other evidence of record, which renders it less persuasive" (Tr. 24).

    Plaintiff's first two claims are that he ALJ did not properly consider the opinions and conclusions of her treating physicians and relied on the opinion of a non-examining physician in reaching his decision regarding her residual functional capacity.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the

6

opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[3] *see also* 20 C.F.R. § 404.1527 (2006).  The Court further notes that the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

In reviewing the evidence, the Court notes that Dr. Longmire, the treating physician, expressed no opinion about Plaintiff's abilities to work; though he provided a diagnosis, there is nothing in his notes to indicate his thoughts concerning how Odom's seizures impacted her physical capabilities.  The Court also finds substantial support for the ALJ's rejection of Dr. Hakim's opinion.  The Neurologist's notes indicate that he had access to some of the other medical evidence, but the EEG seems to be the only evidence relating to Plaintiff's seizures that he viewed.  His opinion seems to indicate, as found by the ALJ, that he relied, largely, on Odom's own statements regarding the nature of her impairment.  Furthermore, Hakim's findings are

---

[3] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the only conclusions of disability.

After excluding Hakim's opinion and the non-opinion of Longmire, the evidence left is that of Dr. Harrison and the non-examining Disability Specialist. These two opinions, together, indicate that Plaintiff can work. Though these opinions do not constitute a large volume of evidence, they do provide substantial evidence. The Court finds that Plaintiff's first two claims are without merit.

Odom has also claimed that the ALJ did not properly consider the side-effects of her medications. Plaintiff has gone on to argue that the ALJ did not properly develop the record regarding this issue. The Court notes that the Eleventh Circuit Court of Appeals requires that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

As noted earlier, the ALJ rejected the opinion of Dr. Hakim who had indicated that Plaintiff's medication could cause side effects that may limit her "effectiveness due to distraction, inattention, [and] drowsiness" (Tr. 254-55). The only other evidence of the medication side effects came from Plaintiff's own testimony. The ALJ, however, rejected Plaintiff's testimony as non-credible, a finding not challenged in this action. There being no other evidence in the record that Plaintiff's

8

medications caused side effects which would render her unable to work, the Court finds this claim to be without merit.

Plaintiff has raised three claims in bringing this action. All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 3rd day of August, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE